UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISTON WARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15CV00408 AGF |
| | ) |
| ORTHO-MCNEIL-JANSSEN | ) |
| PHARMACEUTICALS, INC., et al, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This removed pharmaceutical products liability case is before the Court on Plaintiffs' motion to remand the action to state court. For the reasons set forth below, the motion shall be granted.

## **BACKGROUND**

Eight Plaintiffs from seven different states, Missouri, New Jersey, Louisiana, Tennessee, Texas, Florida, and Virginia,[1] filed this action in Missouri state court, claiming that they or their next friend suffered various injuries as a result of the use of the antipsychotic drug Risperdal, that was allegedly developed, manufactured, tested, sold, and/or marketed by the five named Defendants. The amended complaint asserts numerous Missouri state law causes of action, such as negligence and strict product liability/failure to warn. Defendants are citizens of five different states: Pennsylvania,

---

1  The first named Plaintiff, Liston Ward, is a resident of Missouri; Plaintiff Cindy Martinez is a resident of New Jersey and brings the action as next friend for her minor child, as well as on her own behalf for medical expenses; the remaining Plaintiffs are residents of Louisiana, Tennessee, Texas, Florida, and Virginia.

New Jersey, New York, Massachusetts, and Delaware. The amended complaint asserts that the Missouri court has jurisdiction over each Defendant because each had engaged in substantial and continuous business in Missouri. The amended complaint further states that the joinder of the eight Plaintiffs was proper because they claim injuries and damages from ingesting the same drug, and common questions of law and fact would arise.

On March 5, 2015, three Defendants, with the consent of the other two, timely removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants maintained that there was complete diversity among all "properly joined" parties and that the amount in controversy exceeded $75,000. Defendants acknowledged that a Plaintiff and a Defendant were citizens of New Jersey, thereby defeating complete jurisdiction as required by § 1332(2), but maintained that the citizenship of all non-Missouri Plaintiffs, including the New Jersey Plaintiff, should be disregarded because their claims were fraudulently joined in that these Plaintiffs cannot establish personal jurisdiction over any Defendant in any court in Missouri. Defendants emphasized that the removal did not rely on the fraudulent *mis*joinder doctrine. (Doc. No. 1 at 2.)

On the same day that they removed the case, Defendants moved to dismiss the claims of the out-of-state Plaintiffs for lack of personal jurisdiction; and/or dismiss the complaint for failure to state a claim or order Plaintiffs to file a more definite statement. On March 19, 2015, Plaintiffs timely moved to remand the case. In support of their motion to remand, Plaintiffs cite to recent Risperdal cases from this District that, in contexts similar to those presented here, declined to resolve personal jurisdiction

arguments in light of the straight-forward subject matter jurisdiction analysis, and remanded the cases due to the facial lack of complete diversity. In response, Defendants reassert their position that the joinder of the out-of-state Plaintiffs' claims is fraudulent "because no Missouri court can order recovery on a claim over which it lacks personal jurisdiction under the Due Process Clause" of the United States Constitution.

## **DISCUSSION**

This Court has recently addressed the arguments presented by the parties here, in the context of another Risperdal case involving the same jurisdictional issues as those presented here, *Triplett v. Janssen Pharmaceuticals, Inc*., No. 4:14-CV-02049-AGF (E.D. Mo. July 7, 2015). The Court concluded in that case that it was appropriate to address subject matter jurisdiction, as presented in the plaintiffs' motion to remand, before addressing the defendants' personal jurisdiction arguments. As noted in *Triplett*, other courts in this District have so held in Risperdal cases presenting the same jurisdictional issues. *See, e.g.*, *Morgan v. Janssen Pharms., In*c., No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014); *Butler v. Ortho-McNeil-Janssen Pharms., Inc*., No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014).

The Court then held in *Triplett* that the defendants failed to establish fraudulent joinder based on the purported lack of personal jurisdiction. *Triplett*, Doc. No. 30 at 7. The Court cited two other recent cases from this district that so held, *Gracey v. Janssen Pharms., Inc*., No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015), and *Simmons v. Sketchers USA, Inc*., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3

(E.D. Mo. Apr. 9, 2015), as well as numerous cases from other districts. The Court concluded that because the defendants' theory of fraudulent joinder failed to attack the merits of the non-diverse plaintiffs' claims, the defendants failed to establish that there is no reasonable basis in fact or law supporting these claims. Therefore, the Court concluded that the defendants failed to satisfy their burden to establish fraudulent joinder, and the Court remanded the case for lack of subject matter jurisdiction, leaving to the state court the question of personal jurisdiction. *Triplett*, Doc. No. 30 at 8-10.

Upon review of the record in the present case, including the parties' arguments and supplemental authority, the Court will follow the approach taken in *Triplett*.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand this case to the state court in which it was filed is **GRANTED**. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** without prejudice to refiling in state court, as applicable.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2015.